OPINION
{¶ 1} This is an appeal from an order of the Franklin County Court of Common Pleas, Probate Division, that found appellant ("DF"), to be a mentally ill person subject to hospitalization under R.C. 5122.01(B)(3) and (4).
 {¶ 2} The proceedings below were initiated on May 5, 2006 when DF's brother filed an affidavit alleging that DF was mentally ill and in need of hospitalization. An involuntary psychiatric commitment hearing was held on May 10, 2006. DF was present with counsel during the hearing. William Bates, M.D., a psychiatrist, testified that in his opinion, DF suffered from a delusional disorder in the form of a disturbance of thought and that her judgment was grossly impaired.
 {¶ 3} In Dr. Bates' professional opinion, DF could not meet her basic needs and had acted out against her 84 year-old father. Dr. Bates recounted the factual basis for his opinion, including DF's delusional beliefs that she was working for the Federal Bureau of Investigation; that she was being persecuted by organized crime and street gangs; that she was in the hospital because of forged documents created by an unnamed group with access to computer systems; and that the mental health proceedings were a hoax.
 {¶ 4} DF chose to testify at the hearing. DF believed that she was being harassed because of her nationality and religious beliefs; that her identity was stolen at her place of employment where her employer used spying devices against her. DF believed she was the victim of a conspiracy; that the conspirators who had access to all databases had stolen the deed to her home and her car title and were stalking her inside her home. DF believed she was capable of meeting her basic needs and psychiatric treatment was unnecessary. No other testimony was presented.
 {¶ 5} Based on the testimony of Dr. Bates and that of DF, the magistrate found by clear and convincing evidence that DF was a mentally ill person subject to hospitalization under R.C.5122.01(B)(3) and (4). DF's objections to the magistrate's decision were overruled by the Probate Court and DF was involuntarily committed for a period of up to 90 days with placement at Twin Valley Behavioral Healthcare Center, the least restrictive environment. This appeal followed.
 {¶ 6} DF raises a single assignment of error:
First Assignment of Error: The trial court's decision to commit the appellant was against the manifest weight of the evidence.
For the following reasons, we affirm the judgment of the Probate Court.
 {¶ 7} Clear and convincing evidence is required before a court may involuntarily commit a person for psychiatric treatment pursuant to R.C. 5122.01(B). As relevant to this appeal, R.C.5122.01(B) provides as follows:
(B) "Mentally ill person subject to hospitalization by court order" means a mentally ill person who, because of the person's illness:
* * *
(3) Represents a substantial and immediate risk of serious physical impairment or injury to self as manifested by evidence that the person is unable to provide for and is not providing for the person's basic physical needs because of the person's mental illness and that appropriate provision for those needs cannot be made immediately available in the community; or
(4) Would benefit from treatment in a hospital for the person's mental illness and is in need of such treatment as manifested by evidence of behavior that creates a grave and imminent risk to substantial rights of others or the person.
The totality of the circumstances must be considered in determining whether a person comes within the provisions of R.C.5122.01(B) and is subject to court-ordered hospitalization. Inre: Burton (1984), 11 Ohio St.3d 147, paragraph one of the syllabus.
 {¶ 8} Here, the magistrate was presented with evidence in the form of the opinion of a psychiatrist and had the benefit of observing and listening to the allegedly mentally ill person, DF. The underlying basis of the opinion of the psychiatrist was presented to the magistrate. No contradictory medical or psychiatric opinion was presented in rebuttal to that of Dr. Bates. The unrebutted medical opinion was that DF met the qualifications for involuntary hospitalization under the provisions of R.C. 5122.01(B). Although the psychiatric testimony was minimal, we conclude that the opinion presented clear and convincing evidence that DF was a mentally ill person subject to hospitalization.
 {¶ 9} Although we find that, under the totality of the circumstances in this case, the unrebutted testimony of the psychiatrist was sufficient to support the finding of the trial court, we agree that this remains a close case. The testimony of an expert witness must be based on facts sufficient to support the opinion. Here, the facts offered to support the opinion that DF represented a substantial and immediate risk of serious physical impairment or injury to herself were minimal. We uphold the judgment of the trial court because the opinion was unrebutted and was sufficient to support the finding of the magistrate and the Probate Court. At the same time, it appears from the affidavit of DF's brother, that there was more evidence available to demonstrate that DF was a danger to herself and also a danger to her 84 year-old father.
 {¶ 10} According to the brother's affidavit, DF has used force against her father and, at one point, while she engaged in yelling and screaming at her parent, he was either pushed or somehow fell to the floor striking his head. The affiant stated that DF had shown increasing violence toward her father and, on one occasion, drove wildly around her home in a car at 1:30 a.m. screaming for her eyeglasses and only stopped after police gave chase. None of this information was presented to the magistrate at the hearing.
 {¶ 11} We are mindful of the fact that this court is not made up of medical doctors and what may appear obvious to a medical practitioner may be more difficult for a layperson to perceive. However, as a reviewing court, we are constrained to review cases involving the involuntary commitment of allegedly mentally ill persons to insure that an involuntary commitment meets the standards set by the General Assembly and comports with the constitutional rights of the individual. It should not be difficult to fully develop the factual basis and reasoning to support the opinions of experts in this area.
 {¶ 12} For the foregoing reasons, the assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas, Probate Division is affirmed.
Judgment affirmed.
Klatt, P.J., and Sadler, J., concur.