[Cite as *Makruski v. Makruski*, 2018-Ohio-1102.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF LORAIN | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| DEANA MAKRUSKI | C.A. No. 17CA011088 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL MAKRUSKI | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 13 DU 077323 |

DECISION AND JOURNAL ENTRY

Dated: March 26, 2018

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Deanna Makruski ("Mother"), appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division denying, in part, her objection to a magistrate's decision. For the reasons that follow, this Court affirms.

I.

{¶2} Mother and Defendant-Appellee, Daniel Makruski ("Father") were divorced on August 18, 2014, pursuant to a decree of divorce. Mother was therein designated as the residential parent and legal custodian of the parties' two minor children, subject to Father's parenting time. On August 18, 2016, Father filed a motion to modify his parenting time requesting to increase his visitation with the parties' youngest child prior to his pending military deployment. The parties' oldest child reached the age of majority prior to Father's motion.

{¶3} A magistrate held an expedited hearing on September 29, 2016, and conducted an in camera interview of the minor child on October 3, 2016. In a decision filed October 7, 2016,

the magistrate determined that a temporary order of modified parenting time was in the best interests of the minor child. Accordingly, the magistrate granted Father's motion to modify and ordered that "Father shall have temporary modified parenting time order with the minor child for the period prior to his deployment" as set forth in an exhibit attached thereto. The magistrate further ordered that Father was "to have the child during the entire duration of any leave during deployment he may take and is able to return to Ohio to exercise parenting time pursuant to [R.C.] 3109.051(M)." Finally, the order stated that upon Father's return from deployment, the temporary modification would expire and the prior court order of visitation would resume. The trial court adopted the magistrate's decision that same day and entered judgment accordingly.

{¶4} Mother thereafter filed an objection to the magistrate's decision and an objection to the trial court's adoption of the magistrate's decision, arguing, inter alia, that "[n]either the magistrate nor [the trial] court had the authority to modify the visitation schedule as it did" because Father's deployment could not serve as a change in circumstances. On January 3, 2017, the trial court concluded that since the legislature had not offered a definition of the term "duration of active military service" and Father's "actual deployment will occur shortly", Mother's objection with regard to the visitation schedule was moot. Accordingly, the trial court denied Mother's objections as it related to the temporary modification order of parenting time.

{¶5} Mother filed this timely appeal, raising three assignments of error for our review.

II.

### Assignment of Error I

**The trial court erred when it overruled Mother's objections to the magistrate's order increasing Father's parenting time pursuant to [R.C. 3190.04(I)] and [R.C. 3109.051(M)(1)(b).**

**Assignment of Error II**

**The trial court erred when it declared Mother's objections moot and denied them without consideration.**

**Assignment of Error III**

**The trial court abused its discretion when it found it to be in the best interest of a child to increase the visitation time of a non-custodial parent who is permitted to see his child on a daily basis and who [contemptuously] failed to follow the existing parenting time order.**

{¶6} In her first assignment of error, Mother contends that the trial court erred when it overruled her objections to the magistrate's decision and modified the visitation schedule to award Father more parenting time prior to his deployment as well as visitation for the entire duration of any leave he is able to return to Ohio to exercise. In her second assignment of error, Mother contends that the trial court erred when it determined that her objections were moot. In her third assignment of error, Mother contends that the trial court abused its discretion when it found it to be in the best interest of D.M. to increase Father's visitation time despite having found Father in contempt for failing to follow the prior visitation order. Nonetheless, we do not reach the merits of Mother's arguments as they were either forfeited below, are not applicable in this case, or are moot.

{¶7} First, a review of the record shows that Mother did not specifically object to the magistrate's decision that Father was to have visitation with child during the entire duration of any leave during deployment. Pursuant to Civ.R. 53(D)(3)(b)(ii), "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." This Court has previously determined that an appellant forfeits appellate review of any issues not stated in her objections to the magistrate's decision. *See Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6 ("This Court has held that when a party fails to properly object

to a magistrate's decision in accordance with Civ. R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal."); *John Soliday Fin. Group, L.L.C. v. Robart*, 9th Dist. Summit No. 24407, 2009-Ohio-2459, ¶ 15 ("Because [appellant] did not specifically object to the findings in the magistrate's decision set forth in the first nine assignments of error, those claims have been forfeited and may not be raised on appeal."). "While a [party] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain-error analysis if the [party] fails to do so." (Alterations sic.) *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24. Accordingly, Mother has failed to preserve the issue for appellate review and we decline to address it. *See Henry v. Henry*, 9th Dist. Summit No. 27696, 2015-Ohio-4350, ¶ 18. Therefore, Mother's assignments of error as they relate to Father's visitation with the minor child during his leave from deployment are overruled.

{¶8} Second, although mother argues in her merit brief that the trial court erred when it overruled her objections to the magistrate's decision pursuant to R.C. 3109.04(I), her counsel conceded at oral argument that R.C. 3109.04(I) is not applicable in this case and thus, the trial court was not required to find a change in circumstances prior to temporarily modifying visitation. *See Braatz v. Braatz*, 85 Ohio St.3d 40, 45 ("We hold that modification of visitation rights is governed by R.C. 3109.051, and that the specific rules for determining when a court may modify a custody decree as set forth in R.C. 3109.04 are not equally applicable to modification of visitation rights."). Moreover, a review of the journal entry denying Mother's objections shows that although the trial court stated it was not required to find a change in circumstances pursuant to R.C. 3109.04(I)(3), the trial court did not deny Mother's objection

with regard to the temporary visitation order on that basis. Instead, the trial court denied those objections as moot.

{¶9} Finally, "[a]n appellant's appeal is moot if 'an event occurs which renders it impossible for this [C]ourt, if it should decide the case in favor of the [appellant], to grant [her] any effectual relief whatever[.]'" (Alterations sic.) *Fischer v. Rings*, 9th Dist. Summit No. 24545, 2009-Ohio-5538, ¶ 8, quoting *Mills v. Green*, 159 U.S. 651, 653 (1895); *see Hempen v. Bailey*, 1st Dist. Hamilton Nos. C-040014, C-040479, 2005-Ohio-3039, ¶ 9-10; *Polacheck v. Polacheck*, 9th Dist. Summit Nos. 26551, 26552, 2013-Ohio-5788, ¶ 39. *Williams v. Tumblin*, 5th Dist. Coshocton No. 2014CA0013, 2014-Ohio-4365, ¶ 43. In this case, the increase in Father's visitation time ceased in January 2017 when Father's deployment began. This Court can grant no effectual relief to Mother from the trial court's denial of her objections with regard to temporary modification of visitation because the increase in Father's visitation time has already ended and we are unable to give back the visitation time Mother claims to have lost. *See Bailey* at ¶ 9-10 (concluding that all issues related to an order suspending visitation for two years were moot because the trial court had already granted the resumption of visitation and the appellate court could not give the parties back the time lost to spend with their child); *Polacheck* at ¶ 39. Accordingly, we conclude that Mother's appeal is moot as it relates to the temporary modification of visitation order.

{¶10} Therefore, Mother's assignments of error as they relate to the temporary modification of visitation are dismissed. *See Fischer* at ¶ 8.

III.

{¶11} Mother's assignments of error are overruled in part and dismissed in part. Therefore, the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, P. J.
<u>CONCURRING IN PART AND DISSENTING IN PART.</u>

{¶12}  I agree with the majority that Mother did not preserve her argument that the trial court incorrectly awarded Father parenting time for the entire duration of any deployment leave he might receive.  I also agree that Revised Code Section 3109.04(I) does not apply to this case.  I do not agree, however, that the rest of her arguments are moot and would address them on their merits.  I, therefore, respectfully concur in part and dissent in part.

<u>APPEARANCES:</u>

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

WAYNE NICOL, Attorney at Law, for Appellee.