[Cite as *Andrew v. Dennis*, 2022-Ohio-2567.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TIMONE ANDREW, | : | APPEAL NO. C-210638 |
| | | TRIAL NO. P21-842x |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| AALIYAH DENNIS, | : | |
| Defendant-Appellee. | : | |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: July 27, 2022

*James J. Whitfield,* for Plaintiff-Appellant.

**Bоcк, Judge.**

{¶1}    Plaintiff-appellant Timone Andrew challenges a child-support order issued by the juvenile court in which the juvenile court deferred ruling on parenting time. But the juvenile court subsequently adopted and entered an agreed shared-parenting plan, which mooted this appeal. Because the issue of parenting time is moot, we must dismiss the appeal.

## I.    Facts and Procedure

{¶2}    In February 2020, defendant-appellee Aaliyah Dennis gave birth to her daughter. The following year, Andrew filed a pro se complaint to establish paternity of the child under R.C. 3111.03. Next, Andrew filed a petition in a separate case, asking to join a companionship petition filed minutes earlier by his mother. The following month, the magistrate found that Andrew was the biological father of the child and continued the case "for a hearing on the issue of child support."

{¶3}    At the child-support hearing, Andrew requested "the rights to see [his] kid." The magistrate informed Andrew that he was "not able to set any schedules today," and instructed Andrew to "file something with the court." In response, Andrew informed the magistrate that Dennis and he were "going to court right now for visitation rights." After the magistrate announced his child-support decision, Andrew asked the magistrate to consider whether he was entitled to unsupervised visitation. The magistrate responded, "That will be an issue at your hearing."

{¶4}    The following week, Andrew, now represented by counsel, filed an objection to the magistrate's decision and argued that Ohio law requires a court issuing a child-support order to determine parenting time in the same order. The juvenile court adopted the magistrate's decision over Andrew's objections, finding that "the

matter of Parenting Time will be determined based on evidence presented in proceedings under case number F/21/0782."

**{¶5}** Andrew appeals and challenges the juvenile court's procedures in a single assignment of error.

## II.  Law and Analysis

**{¶6}** Appellate courts are limited to deciding actual controversies. *Hempen v. Bailey (In re Bailey),* 1st Dist. Hamilton Nos. C-040014 and C-040479, 2005-Ohio-3039, ¶ 9. That limitation prevents our adjudication of moot cases. *Paige v. Ohio High School Athletic Assn.*, 2013-Ohio-4713, 999 N.E.2d 1211, ¶ 7 (1st Dist.), citing *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 (10th Dist.1991). If we determine an appeal is moot, we may sua sponte dismiss the case. *See Hammond v. Hammond*, 1st Dist. Hamilton No. C-190376, 2020-Ohio-3443, ¶ 9. Dismissal is proper to avoid "render[ing] an advisory opinion on a moot question or rul[ing] on a question of law that cannot affect matters at issue in a case." *Bailey* at ¶ 9.

**{¶7}** An appeal is moot if the " ' "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ' " *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). In other words, an appeal is moot if an event " 'renders it impossible for the court to grant any relief.' " *Goodenow* at ¶ 10, quoting *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus. We may consider evidence outside of the record to determine if a case is moot. *Rice v. Flynn*, 9th Dist. Summit No. 22416, 2005-Ohio-4667, ¶ 24, quoting *Pewitt v. Lorain Corr. Inst.,* 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).

{**¶8**} For instance, in *Bailey* this court deemed an appeal challenging the juvenile court's decision to terminate visitation rights moot when the juvenile court reinstated the appellant's visitation rights. *Bailey* at ¶ 9. Because the trial court granted the relief sought, the visitation-rights issue was moot and prevented our consideration of visitation time. *Id.* at ¶ 10. We were unable to grant any relief or "give them the time back to spend with their daughter." *Id.*

{**¶9**} Likewise, an appeal challenging an order permitting a father to take his children on a ten-day vacation was moot when "the vacation ha[d] already occurred and there [was] no relief" that could correct any error. *Polacheck v. Polacheck*, 2013-Ohio-5788, 5 N.E.3d 1088, ¶ 39 (9th Dist.). And an appeal challenging an order that increased a father's parenting time became moot after the military deployed the father, ending his parenting time. *Makruski v. Makruski*, 9th Dist. Lorain No. 17CA011088, 2018-Ohio-1102, ¶ 9. In light of the father's deployment in *Makruski*, there was "no effectual relief" that could be granted and the court was "unable to give back the visitation time Mother claims to have lost." *Id.*

{**¶10**} This appeal is moot. Andrew challenges the juvenile court's bifurcated approach to determining child support and parenting time in paternity cases. He maintains that R.C. 3119.08 required the trial court to determine his parenting rights in the same order that it determined child support. But in February 2022, just before Andrew filed his notice of appeal, the juvenile court accepted and journalized a shared-parenting plan, which awarded Andrew parenting time. While Andrew maintains that he was denied time with his daughter, we cannot grant any meaningful relief because we are "unable to give back the [parenting] time" he lost. *See Makruski* at ¶ 9.

{**¶11**} There are exceptions to the mootness doctrine. We can "entertain an otherwise moot case where the issues are capable of repetition, yet evading review." *In*

4

*re A.B.*, 1st Dist. Hamilton Nos. C-190327, C-190328 and C-190329, 2020-Ohio-3904, ¶ 10. An issue is capable of repetition, yet evades review, if " '(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.' " *State ex rel. Bechtel v. Cornachio,* 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 11, quoting *State ex rel. Calvary v. Upper Arlington,* 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000). But nothing suggests that the challenged action is too short in duration. Indeed, Andrew maintained at oral argument that the procedure in question can delay parenting time for months, sometimes years. Even more, this is not an issue that risks evading all future review.

{¶12} At this point in the litigation, any relief issued by this court will have no practical effect on Andrew's legal rights. A decision on the merits would be purely hypothetical and academic. *See State ex rel. Cincinnati Enquirer v. Hunter,* 141 Ohio St.3d 419, 2014-Ohio-5457, 24 N.E.3d 1170, ¶ 4, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, 861 N.E.2d 546, ¶ 11 (10th Dist.), quoting *Grove City v. Clark*, 10th Dist. Franklin No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. Warren*, 84 Ohio App. 373, 393, 83 N.E.2d 82 (11th Dist.1948). There is nothing in the record to depart from the ordinary rule against issuing advisory opinions. *See Bailey,* 1st Dist. Hamilton Nos. C-040014 and C-040479, 2005-Ohio-3039, at ¶ 9.

### III.   Conclusion

{¶13} Andrew's challenge to the juvenile court's bifurcation of child support orders and parenting-time decisions in paternity cases became moot when the juvenile court accepted a shared-parenting plan submitted by the parties. Therefore, the appeal is dismissed.

Appeal dismissed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.