**[Cite as *In re Ezeh*, 2022-Ohio-4033.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: NDUBUISI EZEH | : | APPEAL NOS. C-220081 |
| | | C-220084 |
| | : | TRIAL NO. MI2022000044 |
| | : | |
| | : | *O P I N I O N.* |

Appeals From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 14, 2022

*Faulkner & Tepe, L.L.P.*, and *A. Norman Aubin*, for Petitioner-Appellee,

*Michael J. Trapp,* for Respondent-Appellant.

**BOCK, Judge.**

**{¶1}** Respondent-appellant Ndubuisi Ezeh appeals the Hamilton County Court of Common Pleas, Probate Division's judgment declaring Ezeh to be a mentally-ill person subject to court-ordered treatment under R.C. 5122.01,[1] and that the least restrictive setting for his treatment was Summit Behavioral Healthcare ("Summit"). We affirm the probate court's judgment.

## I. Facts and Procedure

### Ezeh underwent a competency evaluation in a criminal matter

**{¶1}** In October 2021, Ezeh was charged with four counts of aggravated menacing and one count of criminal trespassing in the case numbered 21CRB-18033 (A)-(E).[2] The trial court found that Ezeh was incompetent to stand trial and ordered Ezeh to Summit to attempt to restore him to competency.

**{¶2}** In January 2022, the trial court determined that Ezeh would not be restored to competency and referred Ezeh to the probate court. Later in January 2022, Dr. Vanessa Doyle filed an affidavit of mental illness and an application for emergency admission under R.C. 5122.01 on behalf of Summit in the probate court, averring that Ezeh had been found nonrestorable in the cases numbered 21CRB-18033 (A)-(E) and that Ezeh would not take his medication voluntarily.

---

[1] A previous version of the statute used the term "mentally ill person subject to hospitalization by court order." The current version of the statute (in effect at the time of the hearings) removes "hospitalization" from most of the statute. Instead, the statute involves whether a person is subject to court-ordered treatment.

[2] Ezeh was previously found to be incompetent to stand trial and unrestorable in the cases numbered 21CRB-16688; C-21-CRB-14727; 21CRB-14804 in September 2021.

<u>Probate court determined that Ezeh had a mental illness and was subject to</u>

<u>treatment</u>

**{¶3}** A probate court magistrate held an initial hearing on a motion for forced medication. Dr. Cyma Khalily, a psychiatrist, testified as the independent evaluator appointed by the court. Khalily explained that Ezeh was referred to Summit to restore competency and he presented with a substantial thought-and-mood disorder. She provided examples of Ezeh's behavior where he had exhibited irrational, unrealistic thought processes and erratic moods, and an inability to take responsibility "for himself for his behaviors."

**{¶4}** Khalily testified that Ezeh had been hospitalized multiple times and repeatedly threatened Summit staff and patients. Ezeh was refusing to engage in treatment and to voluntarily take his medication. As a result, multiple doctors treated Ezeh over the course of his hospitalization. Summit administered emergency medication on one occasion. Ezeh's violent behavior was "getting to an extreme."

**{¶5}** Ezeh testified in the hearing on his behalf. He requested to continue the hearing as to the issue of forced medication.

**{¶6}** The magistrate determined by clear and convincing evidence that Ezeh had a mental illness, finding that Ezeh had a substantial disorder of thought and mood, "which grossly impairs his ability to recognize reality or meet the ordinary demands of life." The magistrate found that treatment at Summit was the least restrictive setting.

**{¶7}** Ezeh objected to the magistrate's finding that Ezeh was a mentally-ill person through counsel. The trial court overruled the objections and ordered that Ezeh be treated at Summit and forcibly medicated.[3]

---

[3] Ehez does not appeal the forced-medication portion of the judgment.

## II.    Law and Analysis

**{¶8}**   On appeal, Ezeh argues that the probate court's judgment was not supported by competent, credible evidence.

### A.  Mootness

**{¶9}**   As an initial matter, we must determine whether Ezeh's appeal is moot because Summit released him in April 2022.[4] Ezeh raised the mootness question based on his release from Summit and this court's decision in *In re N.E.*, 1st Dist. Hamilton No. C-210181, 2022-Ohio-1184, which affirmed a trial court order finding that Ezeh was mentally ill and subject to court-ordered treatment.

**{¶10}**   Because mootness is a matter of subject-matter jurisdiction, a court cannot maintain jurisdiction over a moot controversy. *McQueen v. Dohoney*, 1st Dist. Hamilton No. C-130196, 2013-Ohio-2424, ¶ 13. An appeal is moot if the issues presented no are longer live or the parties lack a legally cognizable interest in the outcome, rendering it impossible for the court to grant any relief. (Citations omitted.) *Andrew v. Dennis*, 1st Dist. Hamilton No. C-210638, 2022-Ohio-2567, ¶ 7. A reviewing court may consider evidence outside of the record to determine whether a case is moot. *Id.*

**{¶11}**   This court may entertain Ehez's appeal. Ezeh, after his release from Summit, continued to be subject to court-ordered outpatient treatment with the Greater Cincinnati Behavioral Health Center. Ezeh is still subject to court-ordered treatment based on the same mental-illness affidavit that subjected him to treatment at Summit. Accordingly, Ezeh's appeal is not moot.

### B.  Clear and convincing evidence supports the probate court's judgment

---

[4] Neither party has filed a motion to dismiss the appeal.

**{¶12}** Ezeh argues in his sole assignment of error that the trial court's finding that he is a mentally-ill person subject to treatment by court order under R.C. 5122.01 is not supported by competent, credible evidence. This court's review entails examining the record and determining whether the trial court had sufficient evidence to satisfy the clear-and-convincing-evidence standard. *State v. McNichols*, 2020-Ohio-2705, 154 N.E.3d 125, ¶ 13 (4th Dist.).

**{¶13}** R.C. 5122.01(A) defines "mental illness" as "a substantial disorder of thought, mood, perception, orientation, or memory that grossly impairs judgment, behavior, capacity to recognize reality, or ability to meet the ordinary demands of life." Because this definition is statutory, people may be adjudicated as mentally ill regardless of whether their conditions meet the clinical definition of mental illness. *State v. Sullivan,* 90 Ohio St.3d 502, 510, 739 N.E.2d 788 (2001), fn. 4.

**{¶14}** When a mentally-ill person poses a risk of harm to self or others, involuntary treatment protects society and provides help for the illness. But "the state nonetheless must meet a heavy burden to show that the individual in fact suffers from a mental illness and must be confined in order to treat the illness." *Id.*, quoting *In re T.B.*, 10th Dist. Franklin No. 06AP-769, 2006-Ohio-4789, ¶ 8.

**{¶15}** Courts must consider a three-prong test for an involuntary commitment, and each part must be met by clear and convincing evidence. *In re K.W.*, 10th Dist. Franklin No. 06AP-943, 2007-Ohio-699, ¶ 9-18. First, there must be a substantial disorder of thought, mood, perception, orientation, or memory. *Id.*; R.C. 5122.01(A). Second, that disorder must grossly impair judgment, behavior, the capacity to recognize reality, or the ability to meet the ordinary demands of life. *In re*

5

*T.B.* at ¶ 9; R.C. 5122.01(A). Third, the evidence must support involuntary treatment under one or more of the bases provided in R.C. 5122.01(B). *In re K.W.* at ¶ 15-16.

{**¶16**}  R.C. 5122.01(B) provides that a "[m]entally ill person subject to court order" means a mentally-ill person who, because of that illness, (1) is at substantial risk of physical harm to self; (2) is at substantial risk of physical harm to others; (3) is at substantial and immediate risk of serious physical impairment or injury to self because the person is unable to provide for the person's basic physical needs; (4) exhibits behavior creating a grave and imminent risk to the substantial rights of others or the person; or (5) would benefit from treatment because of the inability to safely survive, a history of lack of compliance with treatment, is unlikely to participate in treatment, or to prevent deterioration that would likely cause substantial risk of serious harm to self or others.

{**¶17**}  The state must present evidence of more than just unusual or abnormal behavior to justify court-ordered treatment. For example, an individual suffering from a delusional disorder that grossly impaired her judgment, preventing her from meeting her basic needs, was subject to involuntary treatment. *Franklin Cty. ADAMH Bd. v. D.F.,* 10th Dist. Franklin No. 06AP-609, 2006-Ohio-4786, ¶ 9-10. And evidence of paranoia and eccentric behavior combined with a dysfunctional family was sufficient to order treatment. *In re Mental Illness of Thomas*, 108 Ohio App.3d 697, 700-702, 671 N.E.2d 616 (1996). But conduct that is merely "bothersome or annoying" is insufficient to order involuntary treatment. *In re Slabaugh*, 16 Ohio App.3d 255, 257, 475 N.E.2d 497 (10th Dist.1984).

{**¶18**}  Here, the trial court found Ezeh to be a mentally-ill person subject to court-ordered treatment under R.C. 5122.01(B)(2), (3), and (4). We agree.

**{¶19}** The expert testimony presented clear and convincing evidence showing that Ezeh was a mentally-ill person, who, because of his illness, represented a substantial risk of physical harm to others under R.C. 5122.01(B)(2). Ezeh had been threatening Summit staff and patients and refused to voluntarily engage in treatment or take medication. Ezeh's violent behavior was "getting to an extreme." Ezeh became disorderly and destructive due to his mental illness.

**{¶20}** The state presented clear and convincing evidence that Ezeh had a substantial mental disorder, the mental disorder grossly impaired his functioning, and Ezeh was subject to court-ordered treatment because his behavior represented a substantial risk of physical harm to others that satisfied R.C. 5122.01(B)(2).

**{¶21}** Ezeh's sole assignment of error is overruled.

### III.    Conclusion

**{¶22}** Ezeh's appeal is not moot. The record demonstrates that the probate court's judgment was based on competent, credible evidence. We affirm the probate court's judgment.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.