[Cite as *State ex rel. Perdue v. D'Apolito*, 2020-Ohio-6820.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO, EX REL. CLINTON PERDUE,

Relator,

v.

JUDGE LOU A. D'APOLITO,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 20 MA 0002

---

Writ of Procedendo

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed

---

Clinton Perdue, (PRO SE), A217703, M.C.I. P.O. Box 57, Marion, Ohio 43301 for Relator and

*Atty. Paul Gains*, Prosecutor and *Atty. Ralph Rivera*, Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Respondent.

Dated:

December 15, 2020

**PER CURIAM.**

{¶1}   Relator Clinton Perdue, a prison inmate proceeding on his own behalf, initiated this original action by filing a complaint for a writ of procedendo against Respondent Judge Lou D'Apolito.  Relator seeks to have this Court compel Respondent to issue a single sentencing entry encompassing his convictions upon multiple counts.  Statutory counsel for Respondent is the Mahoning County Prosecutor's Office, R.C. 309.09(A), and through Assistant Prosecutor Ralph M. Rivera, has responded with a combined answer and motion to dismiss.  Because Respondent has ruled on Relator's motion, the matter is moot, requiring dismissal.

{¶2}   On September 22, 1988, Jonathan Perry and Victor Hardret were shot and killed, and Keith Crenshaw was seriously wounded by several assailants in a Kimmelbrook apartment.

{¶3}   As the assailants entered the back door of the apartment, Cassandra Fant, a resident of the apartment, fled by way of the front door and called police twice from a neighbor's apartment.  Fant heard shots fired.  Later she gave a statement to the police concerning her perceptions of the events on that date.

{¶4}   On October 11, 1988, Relator was indicted on eight separate counts, each having multiple charges, relating to the robbery and death of two persons and the serious injury to a third.

{¶5}   The death penalty specifications on Counts 1 through 4 were dismissed.  A jury trial commenced in the Mahoning County Court of Common Pleas on January 4, 1990. *State v. Purdue*, Mahoning C.P. No. 88CR574-B.  Relator was found guilty on Counts 1, 2, 5, 6 and 7 of the indictment as well as of the firearm specifications contained therein.  On January 10, 1990, the court filed an entry stating that the jury found him guilty of the aforementioned offenses.  The court then filed separate sentencing entries for each of the five offenses and each of the specifications:

{¶6}   *Count No. 1* Aggravated Murder with Firearm Specification: Life sentence of imprisonment and a consecutive 3 years of actual incarceration on the firearm specification.

**{¶7}** *Count No. 2* Aggravated Murder with Firearm Specification: Life sentence of imprisonment and a consecutive 3 years of actual incarceration on the firearm specification.

**{¶8}** *Count No. 5* Aggravated Robbery with Firearm Specification: 10-25 with actual incarceration of 10 years and a consecutive 3 year actual sentence on the firearm specification.

**{¶9}** *Count No. 6* Aggravated Robbery with Firearm Specification: 10-25 with actual incarceration of 10 years and a consecutive 3 year sentence on the firearm specification.

**{¶10}** *Count No. 7* Attempted Aggravated Murder: 7-25 and a consecutive 3 year sentence on the firearm specification.

**{¶11}** This court affirmed the convictions and merged/deleted one of the three-year gun specification sentences relating to the aggravated robbery offenses. *State v. Perdue*, 7th Dist. Mahoning No. 90 C.A. 18, 1993 WL 546609 (Dec. 30, 1993).

**{¶12}** In the twenty-six years intervening between the conclusion of his direct appeal and the filing of the present complaint in procedendo, Relator has filed numerous similar proceedings, each time arguing the trial court had failed to issue a final appealable order that is related to his convictions and sentences. At one point, paradoxically, he argued the trial court should have issued separate entries for his convictions and sentences, respectively. In this most recent iteration, however, he argues the trial court failed to issue one entry encompassing all of his convictions and sentences.

**{¶13}** "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). "To be entitled to a writ of procedendo, a relator must establish (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55 ¶ 6. "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to

what that judgment should be." *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937).

{¶14} The first and second elements of a procedendo action—a clear legal *right* to require the respondent to proceed and a clear legal *duty* on the part of the respondent to proceed—presupposes the existence of a motion filed by the relator which remains pending and to which the court has been dilatory in addressing. A thorough review of the docket in this case reflects that there are no outstanding motions. The most recent entries on the docket are from over three years ago. In August 2016, Relator filed a motion to correct an "illegal" sentence, which the trial court promptly overruled in September 2016. This court affirmed the trial court's decision in *State v. Perdue*, 7th Dist. Mahoning No. 16 MA 0156, 2017-Ohio-7586. There are no motions pending or remaining to be ruled upon, nor has Relator identified any.

{¶15} Accordingly, the Court grants Respondent's motion to dismiss and orders this case dismissed. Final order. Clerk to service notice as provided by the Rules of Civil Procedure. Costs taxed to Relator.

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**