[Cite as *Calhoun v. Miller*, 2021-Ohio-1475.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

KASIE CALHOUN, n.k.a. KASIE BECK,

Relator,

v.

JUDGE MICHELLE G. MILLER, FOR COURT OF COMMON PLEAS, JEFFERSON COUNTY

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 JE 0013

---

Writ of Procedendo

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Writ Granted.

---

*Atty. Elgine McArdle*, McArdle Law Office, 2139 Market Street, Wheeling, West Virginia, 26003, for Relator

*Judge Michelle G. Miller, Pro-se*, 301 Market Street, Third Floor, Steubenville, Ohio 43952.

Dated: April 7, 2021

**PER CURIAM.**

**{¶1}** Relator Kasie Beck, has filed a complaint for a writ of procedendo seeking to have this Court compel Respondent Judge Michelle G. Miller, rule on objections she filed to a magistrate's decision modifying her parental rights from residential parent to nonresidential parent. Representing herself, Respondent has filed an answer arguing the complaint is moot because she issued a decision overruling Relator's objections and approved, incorporated, and attached the magistrate's decision in its entirety. Because Respondent's decision on Relator's objections does not constitute a final, appealable order, Relator remains without an adequate remedy at law compelling issuance of the writ.

**{¶2}** The procedural facts of the underlying proceedings giving rise to this action are not dispute. Relator and Kevin R. Calhoun obtained a dissolution of their marriage in Respondent's court. *Calhoun v. Calhoun*, Jefferson C.P. No. 18DR00151 (June 25, 2018). The decree of dissolution designated Relator residential parent and Calhoun nonresidential parent of their three children. In April 2019, Calhoun filed a motion for an ex parte emergency custody order and motion to reallocate parental rights and responsibilities. The court designated Calhoun temporary residential parent and a magistrate for the court proceeded to conduct a hearing on Calhoun's motion to reallocate. After hearing evidence, the magistrate issued a decision on September 23, 2019, reallocating parental rights, designating Calhoun residential parent and Relator nonresidential parent. Relator followed with timely objections.

**{¶3}** Having not received a ruling on her objections for well over five months, Relator turned to this Court and filed this original action for procedendo. (July 23, 2020 Complaint). Three weeks later, back in the trial court, Respondent issued a decision which overruled Relator's objections and approved, incorporated, and attached the magistrate's decision in its entirety. *Calhoun v. Calhoun*, Jefferson C.P. No. 18DR00151 (Aug. 13, 2020). Relator timely appealed the decision to this Court. *Calhoun v. Calhoun*, 7th Dist. Jefferson No. 20 JE 0014 (Aug. 14, 2021). Respondent followed with the filing of her answer in this action arguing her August 13, 2020 decision renders Relator's complaint moot. (Aug. 19, 2020 Answer of Respondent). Notably, Respondent did not include the decision with her answer.

**{¶4}** In the direct appeal, this Court found Respondent's August 13, 2020 decision does not constitute a final, appealable order and issued a thirty-day limited remand with instructions to Respondent to issue a final, appealable order. (Oct. 6, 2020 Judgment Entry). To date, Respondent has not acted upon those instructions.

**{¶5}** "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). "To be entitled to a writ of procedendo, a relator must establish (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55 ¶ 6.

**{¶6}** The Rules of Superintendence for the courts of Ohio provide that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed * * *." Sup.R. 40(A)(3). The Ohio Supreme Court has held that this rule does not give rise to an enforceable right in mandamus or procedendo. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 8.

**{¶7}** However, in *Culgan*, the Court went to explain how the rule should guide a court's consideration of a request to compel a ruling:

> Sup.R. 40(A)(3) imposes on trial courts a duty to rule on motions within 120 days. Although the Rules of Superintendence do not provide litigants with a right to enforce Sup.R. 40, the rule does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ. A court that takes more than 120 days to rule on a motion risks unduly delaying the case and, as here, risks our issuing writs of mandamus and/or procedendo to compel a ruling.
>
> That is not to say that claims in mandamus and/or procedendo automatically lie simply because a motion remains pending longer than 120 days. Other factors may dictate that a trial court take more time to rule on a motion. For example, a judge may require longer than 120 days to rule on a motion for summary judgment in a complex case. Other factors that

might delay a ruling are the need for further discovery, the possibility of settlement, and other motions pending in the case. *See State ex rel. Duncan v. DeWeese*, 5th Dist. No. 2011-CA-67, 2011-Ohio-5194, 2011 WL 4625370, ¶ 4. This is not an exhaustive list; we cannot anticipate all the factors that might allow a court, acting within its proper discretion, to delay ruling on a motion past the 120 days commanded by the rule.

*Id.* at ¶ 11-12.

**{¶8}** Applying the foregoing logic to the matter before it, the Court granted the relator's writ of procedendo noting that his motion, which was a motion to terminate postrelease control, dealt with an uncomplicated issue which had been pending in the trial court for over a year. The Court also noted that not only did the trial court's failure to rule on the motion exceed the 120 days mandated by Sup.R. 40(A)(3), but that a ruling on the motion would have mooted relator's mandamus/procedendo action and thus conserved judicial time and resources.

**{¶9}** Turning to a review of the lower court proceedings in this case, Relator's objections (as supplemented and supported with a full transcript) to the magistrate's decision were filed on January 31, 2020. By June 1, 2020, 120 days would have elapsed. The ruling which comprises Respondent's sole defense to this action—her decision filed August 13, 2020—arrived 195 days following the objections and 75 days following the expiration of Sup.R. 40(A)(3)'s 120-day rule.

**{¶10}** It should be noted that during this period the Rules of Superintendence were tolled from March 27, 2020, to July 30, 2020. *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166. However, the tolling order did not apply to situations requiring immediate attention. Id. Under the unique facts and circumstances of this case involving a custody dispute between parents of three young children, we conclude it falls within the category of situations requiring immediate attention. Additionally, one of the primary reasons behind the tolling order was to reduce in-person hearings. In this instance, the matter was fully briefed well before the commencement of the tolling period. It did not require any further hearings and Respondent scheduled none.

Case No. 20 JE 0013

**{¶11}** Lastly, in examining whether Respondent's delay in ruling on the objections was undue, we cannot help but point to our October 6, 2020 Judgment Entry in the direct appeal. In that entry, we illustrated why Respondent's August 13, 2020 decision did not constitute a final, appealable order. Attaching a copy of a magistrate's decision to a judgment entry does not convert a nonfinal entry into an appealable final order. Respondent was afforded thirty days to issue a final, appealable order and has yet to do so. Without a final, appealable order, Relator is left without an adequate remedy at law.

**{¶12}** Because the pertinent facts are uncontroverted and from these facts it appears beyond doubt that Relator is entitled to the requested extraordinary relief, we grant a peremptory writ of procedendo to compel Respondent to issue a final, appealable order on Relator's pending objections. Relator's ancillary motions in this action are overruled.

**{¶13}** Writ granted. Final order. Clerk to service notice as provided by the Rules of Civil Procedure. No costs assessed.

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE DAVID A. D'APOLITO**