[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Williams v. Croce,* Slip Opinion No. 2018-Ohio-2703.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2703

THE STATE EX REL. WILLIAMS, APPELLANT, *v*. CROCE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Williams v. Croce,* Slip Opinion No. 2018-Ohio-2703.]

*Procedendo—Procedendo will not compel performance of a duty that has already been performed—Court of Appeals' dismissal affirmed.*

(No. 2017-1339—Submitted January 23, 2018—Decided July 12, 2018.)

APPEAL from the Court of Appeals for Summit County, No. 28651.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Cameron Williams, appeals the dismissal of his complaint for a writ of procedendo against appellee, Summit County Common Pleas Court Judge Christine Croce.  For the reasons set forth below, we affirm the judgment of the Ninth District Court of Appeals.

*Background*

**{¶ 2}** In March 2008, a Summit County jury convicted Williams of multiple offenses, including two counts of aggravated murder with capital specifications, for which he received a sentence of life imprisonment with parole eligibility after 69 years. The Ninth District Court of Appeals reversed his conviction on one count of violating a protective order but otherwise affirmed. *State v. Williams*, 9th Dist. Summit No. 24169, 2009-Ohio-3162.

**{¶ 3}** On September 10, 2013, a visiting judge sitting by assignment held a resentencing hearing to correct the notification regarding Williams's postrelease control, and on September 30, she issued a new sentencing entry. Williams appealed, arguing that the new entry did not comply with Crim.R. 32(C) ("A judgment of conviction shall set forth the fact of conviction and sentence") and the requirement that "[o]nly one document can constitute a final appealable order," *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17. The court of appeals held that Williams had in fact appealed from a final, appealable order but that the visiting judge's corrective entry should have been labeled a nunc pro tunc entry. The court of appeals remanded the case for that correction. *State v. Williams*, 9th Dist. Summit No. 27101, 2014-Ohio-1608, ¶ 13, 21.

**{¶ 4}** On remand, Judge Croce issued the nunc pro tunc sentencing order dated April 24, 2014. On December 1, 2016, Williams filed a motion asking Judge Croce to issue a final, appealable order. On February 8, 2017, Judge Croce denied the motion.

*Procedural history*

**{¶ 5}** On May 26, 2017, Williams filed his petition for a writ of procedendo against Judge Croce. He alleged that neither the September 30, 2013 sentencing entry nor the April 24, 2014 nunc pro tunc entry was a final appealable order because neither one contained all the information required by Crim.R. 32(C) and the "one document" rule enunciated in *Baker*. He asked the court to issue a writ of

procedendo to compel Judge Croce to enter a revised journal entry that would be final and appealable. Judge Croce filed a motion to dismiss. On September 17, 2017, the court of appeals granted the motion. 9th Dist. Summit No. 28651 (Sept. 13, 2017). The court held that Williams had failed to allege the essential elements of procedendo: "Judge Croce has not refused to rule on Mr. Williams' motion. She denied the motion, and Mr. Williams is dissatisfied with her ruling. A writ of procedendo is not appropriate under these circumstances." *Id.* Williams timely appealed.

*Analysis*

**{¶ 6}** "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). To be entitled to a writ of procedendo, a relator must establish (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent judge to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, 23 N.E.3d 1077, ¶ 20. "The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be." *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937).

**{¶ 7}** The court of appeals correctly held that Williams's complaint failed to state a claim for a writ of procedendo. The complaint creates the impression that Judge Croce had not ruled on Williams's motion for a final, appealable order. But as the court of appeals correctly noted, she *had* decided the motion, thereby rendering the complaint moot. *See, e.g., State ex rel. Poulton v. Cottrill*, 147 Ohio St.3d 402, 2016-Ohio-5789, 66 N.E.3d 716, ¶ 1-2 ("Procedendo will not compel the performance of a duty that has already been performed," and in such circumstances, the complaint is moot). " 'An event that causes a case to become

moot may be proved by extrinsic evidence outside the record.' " *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 118 Ohio St.3d 131, 2008-Ohio-1966, 886 N.E.2d 839, ¶ 15, quoting *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8; *see also State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000) (an appellate court may take judicial notice that a writ action is moot).

{¶ 8} Procedendo can be used only to compel Judge Croce to issue *some* ruling on the motion (if she had been dilatory, which she was not) and cannot be used to compel her to reach a specific result or to change the result once she ruled. *State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326, 691 N.E.2d 275 (1998) (procedendo "does not attempt to control the inferior court about what the judgment should be").

{¶ 9} Williams has failed to state a claim for a writ of procedendo. The court of appeals properly dismissed the complaint.

Judgment affirmed.

O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'CONNOR, C.J., and DEGENARO, J., not participating.

_____

Cameron D. Williams, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Joseph R. McAleese, Assistant Prosecuting Attorney, for appellee.

_____