[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roberts v. Marsh*, Slip Opinion No. 2020-Ohio-1540.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1540

THE STATE EX REL. ROBERTS, APPELLANT, *v*. MARSH, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Roberts v. Marsh*, Slip Opinion No. 2020-Ohio-1540.]

*Mandamus—Procedendo—Mootness—Neither mandamus nor procedendo will compel the performance of a duty that has already been performed—Court of appeals' judgment of dismissal affirmed.*

(No. 2019-1469—Submitted February 11, 2020—Decided April 22, 2020.)

APPEAL from the Court of Appeals for Hamilton County, No. C-190494.

_____

**Per Curiam.**

{¶ 1} This appeal involves a request by appellant, Mallon Roberts, for a writ of procedendo and/or mandamus to compel appellee, Hamilton County Court of Common Pleas Judge Melba D. Marsh, to issue a corrected sentencing entry. The First District Court of Appeals dismissed Roberts's petition as moot. We affirm.

**{¶ 2}** In 2005, Roberts was convicted of murder with a repeat-violent-offender specification. *State v. Roberts*, 1st Dist. Hamilton No. C-050279, 2007-Ohio-856, ¶ 1. He received a prison sentence of 15 years to life for the murder conviction and a 10-year prison sentence for the specification, to be served consecutively. *Id*. He appealed, and the First District affirmed his convictions and sentence in 2007. *Id*. at ¶ 16.

**{¶ 3}** In its sentencing entry, the trial court indicated that Roberts would be subject to a term of postrelease control if he were ever released from prison. In 2015, Roberts asked the trial court to correct his sentence based on several arguments, including that he had been improperly sentenced to postrelease control. *See State v. Roberts*, 1st Dist. Hamilton No. C-150528, 2017-Ohio-1060, ¶ 3. The trial court denied the motion, and on appeal the First District determined that the trial court erred in imposing a term of postrelease control because Roberts had received an indefinite prison sentence for murder. *Id*. at ¶ 11. The First District remanded the case, instructing the trial court to vacate the postrelease-control sentence. *Id*. at ¶ 13.

**{¶ 4}** In March 2018, Judge Marsh vacated the postrelease-control sentence. Roberts appealed that order, but in November 2018, the First District dismissed his appeal for lack of a final, appealable order because the trial court had not set forth all the information required under Crim.R. 32(C) in a single document. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

**{¶ 5}** In August 2019, Roberts filed an original action in the First District seeking a writ of procedendo and/or mandamus to compel Judge Marsh to issue a corrected sentencing entry that constitutes a final, appealable order. In September 2019, Judge Marsh issued a nunc pro tunc sentencing entry and moved to dismiss Roberts's petition as moot. The First District granted the motion to dismiss, and Roberts appealed to this court as of right.

{¶ 6} Because Judge Marsh performed the act Roberts requested by issuing a corrected sentencing entry that constitutes a final, appealable order, the First District correctly dismissed Roberts's petition as moot. *See State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000) (an event that causes an action to become moot may be demonstrated by extrinsic evidence outside the record). "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998). Although Roberts argues that there are several errors concerning the nunc pro tunc sentencing entry, he has not shown that the court of appeals' judgment of dismissal should be reversed. Roberts may challenge the substance of the nunc pro tunc sentencing entry in an appeal from the entry itself. *See id.* We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, DEWINE, DONNELLY, and STEWART, JJ., concur.

FISCHER, J., not participating.

_____

Mallon Roberts, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

_____