[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bechtel v. Cornachio*, Slip Opinion No. 2021-Ohio-1121.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1121

THE STATE EX REL. BECHTEL ET AL., *v.* CORNACHIO, JUDGE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bechtel v. Cornachio*, Slip Opinion No. 2021-Ohio-1121.]

*Original actions—Mandamus—Mootness—Cause moot because judge provided relief sought by issuing requested judgment entry—Relators did not establish that issue involved is capable of repetition yet evading review—Writ denied.*

(No. 2019-1463—Submitted March 2, 2021—Decided April 6, 2021.)

IN PROCEDENDO.

_____

**Per Curiam.**

{¶ 1} In this original action, relators, Nadine Bechtel and Jo Brantweiner, seek a writ of procedendo to compel respondent, Willoughby Municipal Court Judge Marisa Cornachio, to enter a final judgment regarding a magistrate's

probable-cause finding in an animal-seizure case. For the reasons set forth below, we deny the writ as moot.

**Background**

{¶ 2} On May 2, 2019, an officer from the city of Eastlake/Lake Humane Society seized 97 animals from the Animal Rescue Center located at 36370 Vine Street, Eastlake, Ohio ("the Center"). The next day, Willoughby Municipal Court Magistrate Almis Stempuzis held a hearing in *In re 36370 Vine Street*, Willoughby Municipal Court case No. 19MIS00001 ("the seizure case"), to determine whether the officer had had probable cause to believe that the animals had been subjected to cruelty.

{¶ 3} Magistrate Stempuzis issued a journal entry finding probable cause for the seizure and requiring the Center to deposit $29,100 to provide for the care of the animals for one month. Magistrate Stempuzis ordered the Center to renew the deposit every 30 days and warned that if the Center failed to make a required deposit, "the Lake Humane Society shall have authority to dispose of the animals as it deems appropriate."

{¶ 4} On May 9, 2019, Bechtel filed a notice of appeal from the magistrate's probable-cause determination with the Eleventh District Court of Appeals, but the court of appeals dismissed the appeal for lack of a final, appealable order. *In re 36370 Vine St.*, 11th Dist. Lake No. 2019-L-041, 2019-Ohio-3448, ¶ 9. On the same day that the court of appeals dismissed the appeal, Bechtel filed a motion in the trial court asking for a final judgment in the seizure case. Judge Cornachio denied the motion.

{¶ 5} On October 28, 2019, Bechtel and Brantweiner commenced this original action for a writ of procedendo to compel Judge Cornachio to issue a final judgment in the seizure case. We denied Judge Cornachio's motion to dismiss and ordered her to file an answer to the complaint. 158 Ohio St.3d 1493, 2020-Ohio-2739, 144 N.E.3d 428. Judge Cornachio filed an answer and a motion for judgment

on the pleadings. On September 23, 2020, we denied that motion and granted an alternative writ. 160 Ohio St.3d 1403, 2020-Ohio-4458, 153 N.E.3d 101.

{¶ 6} On October 12, 2020, Judge Cornachio issued a judgment entry in the seizure case. That entry states:

> This matter is before the Court on the Journal Entry ("Magistrate's Decision") entered May 3, 2019. Upon review, the Court hereby adopts the Magistrate's Decision and enters Judgment.
> * * *
> The parties may appeal this decision to the Eleventh District Court of Appeals by filing a Notice of Appeal within thirty (30) days of this order.

**Analysis**

{¶ 7} "A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment." *State ex rel. Mignella v. Indus. Comm.*, 156 Ohio St.3d 251, 2019-Ohio-463, 125 N.E.3d 844, ¶ 7. "A writ of procedendo may be used to compel an inferior, dilatory court to proceed to a final judgment." *State ex rel. O'Malley v. Russo*, 156 Ohio St.3d 548, 2019-Ohio-1698, 130 N.E.3d 256, ¶ 32. The writ does not instruct the lower court as to what the judgment should be; rather, it merely instructs the lower court to issue a judgment. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). "A writ of procedendo is appropriate upon a showing of 'a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law.' " *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 7, quoting *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9.

**{¶ 8}** The issue presented in this case is whether Judge Cornachio has a clear legal duty to issue a judgment entry regarding the magistrate's probable-cause determination that was issued pursuant to R.C. 959.132(E)(1). But irrespective of whether Judge Cornachio was legally *required* to issue a judgment entry regarding the magistrate's decision, she did so. She provided the relief that Bechtel and Brantweiner seek in procedendo by issuing the October 12, 2020 judgment entry adopting the magistrate's probable-cause determination. The complaint is therefore moot.

**{¶ 9}** Procedendo will not compel the performance of a duty that has already been performed. *State ex rel. Roberts v. Marsh*, 159 Ohio St.3d 457, 2020-Ohio-1540, 151 N.E.3d 625, ¶ 6. When a relator seeks to compel the issuance of a judgment entry through a writ of procedendo and the judge issues the entry, the procedendo claim is moot. *See, e.g.*, *State ex rel. Hibbler v. O'Neill*, 159 Ohio St.3d 566, 2020-Ohio-1070, 152 N.E.3d 265, ¶ 8.

**{¶ 10}** Bechtel and Brantweiner assert that this case is not moot, because, in their view, the judgment entry that Judge Cornachio signed does not contain the necessary elements to be a final, appealable order. However, Bechtel and Brantweiner have offered no viable authority for the proposition that procedendo is the proper vehicle by which to test the finality of a judgment entry. To the contrary, procedendo can be used only to compel a judge to issue "*some* ruling." (Emphasis sic.) *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55, ¶ 8.

**{¶ 11}** Alternatively, Bechtel and Brantweiner suggest that mootness should not apply based on the exception to mootness for issues that are capable of repetition yet evade review. That exception applies

> only in exceptional circumstances in which the following two
> factors are both present: (1) the challenged action is too short in its

duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

*State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231, 729 N.E.2d 1182 (2000). Bechtel and Brantweiner have not established either prong of the exception. Indeed, we accepted this case and it would not have evaded review but for Judge Cornachio's decision to issue a judgment entry.

{¶ 12} Bechtel and Brantweiner ask us to take judicial notice or permit evidence of a pending Willoughby Municipal Court case in which Magistrate Stempuzis allegedly signed a similar animal-seizure journal entry. Even if their case is moot, they suggest, an issue regarding Judge Cornachio's duty to adopt or reject a magistrate's probable-cause determination in animal-seizure cases continues to arise, so this court should consider the issue in this case. But that argument actually cuts the other way: given that a similar case presenting the same legal issue is pending, there is no reason to address the issue in a case that is moot.

Writ denied.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Michela Huth, for relators.

Montgomery Jonson, L.L.P., Lisa M. Zaring, and Kimberly Vanover Riley, for respondent.

————————————