[Cite as *State ex rel. Allan v. Kelley*, 2023-Ohio-3892.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO EX REL., RAIDA ALLAN, :

       Relator, :      No. 113257

       v. :

JUDGE KEVIN J. KELLEY, :

       Respondent. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** October 20, 2023

---

Writ of Procedendo
Order No. 568753

---

### *Appearances:*

RaslanPla & Company, LLC, Jorge Luis Pla, Erika Molnar, and Nadia R. Zaiem, *for relator*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew T. Fitzsimmons IV, Assistant Prosecuting Attorney, *for respondent*.

ANITA LASTER MAYS, A.J.:

{¶ 1} Relator, Raida Allan, seeks an emergency writ of procedendo directing respondent, Judge Kevin J. Kelley, to rule on several motions that have been pending, some for approximately one year, before a trial scheduled to begin

October 23, 2023.  For the reasons that follow, we sua sponte dismiss the complaint as moot.

## I.    Background

{¶ 2} Relator filed the instant complaint for writ of procedendo on October 11, 2023.  There, she laid out a complicated procedural history of three common pleas court cases that stem from the divorce of relator and her former husband.  This included the division of assets, including businesses that operated gas stations and the assets associated with the operations.  This impacted the businesses and her former husband's brother, who participated in the case.  Along with the divorce case filed in the domestic relations division of the common pleas court, relator filed a fraudulent transfer action in the general division of the common pleas court currently pending before respondent in Cuyahoga C.P. No. CV-18-907570.  One of the businesses also filed a declaratory judgment action, Cuyahoga C.P. No. CV-19-922868, which was consolidated with the fraudulent transfer action.  Much of this procedural history is not relevant to the instant dispute, but it provides a backdrop to the ongoing litigation and the respondent's duty to rule on motions pending in these two cases that have been consolidated for decision.  A more detailed history of these cases and the dispute between these parties can be found in *Allan v. Allan*, 8th Dist. Cuyahoga Nos. 110177 and 110179, 2022-Ohio-1488.

{¶ 3} Relator's complaint alleged that two weeks before a scheduled trial on October 23, 2023, respondent had yet to rule on the following motions, some of which had been pending for approximately one year:

- [Relator's] motion to bifurcate and stay, filed October 13, 2022, in Cuyahoga C.P. No. CV-19-922868;

- [Relator's] motion to strike defendants Qais Allan, 871 Rocky River Drive, Inc. and Pearl Road, Inc.'s motion to dismiss, filed October 19, 2022, in Cuyahoga C.P. No. CV-18-907570;

- [Relator's] motion for [a witness] to appear remotely, filed November 11, 2022, in Cuyahoga C.P. No. CV-18-907570;

- [Relator's] motion for extension of time to extend expert discovery deadline, docketed November 28, 2022, in Cuyahoga C.P. No. CV-18-907570;

- [Relator's] motion to read the relevant portions of Kurt Tober's deposition into the record at trial, docketed January 9, 2023, in Cuyahoga C.P. No. CV-18-907570, and unopposed;

- [Relator's] motion to read the relevant portions of Niel Butch's deposition into the record at trial, docketed January 9, 2023, in Cuyahoga C.P. No. CV-18-907570, and unopposed;

- [Relator's] motion in limine to limit or exclude evidence that contradicts the Eighth Appellate District's opinion in *Allan v. Allan*, 8th Dist. Cuyahoga Nos. 110177, 110179, 2022-Ohio-1488, docketed on January 12, 2023, in Cuyahoga C.P. No. CV-18- 907570;

- Qais Allan, 871 Rocky River Drive, Inc., and Pearl Road, Inc.'s motion to strike [relator's] reply in support of motion in limine regarding the Eighth District Court of Appeals Opinion in *Allan v. Allan*, docketed on January 26, 2023, in Cuyahoga C.P. No. CV-18-907570;

- [Relator's] motion to strike defendants Qais Allan, 871 Rocky River Drive, Inc., and Pearl Road, Inc.'s sur-reply brief in opposition to [relator's] motion in limine, docketed on February 6, 2023, in Cuyahoga C.P. No. CV-18- 907570;

- [Relator's] motion to strike defendant Tareq Allan's opposition to [relator's] motion for leave to file motion for summary judgment, docketed on March 13, 2023, in Cuyahoga C.P. No. CV-18-907570; and

- [Relator's] motion for clarification of the court's March 23, 2023 judgment entry granting default judgment against defendant Tareq Allan, docketed on

September 18, 2023, in Cuyahoga C.P. No. CV-18-907570 ("motion for clarification of default judgement").

{¶ 4} On October 12, 2023, this court sua sponte issued an alternative writ directing respondent to issue rulings on these outstanding motions or show cause by October 16, 2023, why a peremptory writ of procedendo should not issue. The order also gave relator two days to file a brief in opposition, if any. On October 13, 2023, respondent filed a notice of compliance with copies of journal entries attached informing this court that respondent had journalized rulings on the outstanding motions identified in relator's complaint.

{¶ 5} Relator filed an objection to respondent's notice of compliance on October 15, 2023. There, relator alleged that respondent had not properly ruled on relator's motion for clarification of default judgment. Relator also requested that this court order a continuance of the trial set to commence on October 23, 2023.

{¶ 6} On October 16, 2023, respondent filed reply to relator's objection. Respondent argued that relator conceded that respondent fulfilled his legal duty by ruling on the pending motions and procedendo could not be used to control judicial discretion.

## II. Law and Analysis

{¶ 7} To be entitled to a writ of procedendo, a relator must show "a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Huntington Natl. Bank v. Kontos*, 145 Ohio St.3d 102, 2015-Ohio-

5190, 47 N.E.3d 133, ¶ 12, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). A court has a duty to timely resolve motions and matters submitted to it for decision. *See State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564; Sup.R. 40.[1]

{¶ 8} A writ of procedendo is an order "from a superior court to one of inferior jurisdiction to proceed to judgment." *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55, ¶ 6. In such an action, a court may only direct a respondent to exercise its discretion in rendering judgment; it cannot mandate what ruling is made. "[W]hen a court has discretion to act, its only duty is to exercise that discretion." *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 119, 515 N.E.2d 914 (1987), citing *State ex rel. Butler* v. *Demis*, 66 Ohio St.2d 123, 420 N.E.2d 116 (1981). Procedendo may not be used to control judicial discretion, even where that discretion is grossly abused. *Id.*, citing R.C. 2731.03; *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 377 N.E.2d 494 (1978).

{¶ 9} When a respondent, during the pendency of an action for procedendo, proceeds to judgment as requested in the complaint, the action becomes moot because the relator has received all the relief to which they are entitled. *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 9. Further, an event that causes an action to become moot may be proved by evidence outside of the record. *State ex rel. Evans v. Mohr*, 155 Ohio St.3d 579, 2018-Ohio-

---

[1] According to Sup.R. 40(A)(3), a trial court should rule on a motion within 120 days of filing. However, Sup.R. 40 does not provide enforceable rights but acts as a guide for courts. *Culgan* at ¶ 11.

5089, 122 N.E.3d 1240, ¶ 5. This includes the journal entries attached to respondent's notice of compliance and the dockets of the lower court cases referenced in the complaint that are available over the internet. *State ex rel. Cornely v. McCall*, 8th Dist. Cuyahoga No. 110125, 2020-Ohio-6747, ¶ 21, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 11.

{¶ 10} The sua sponte dismissal of a complaint without notice is rare and is limited to situations where the """complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.""" *State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 11, quoting *State ex rel. Cincinnati Enquirer v. Ronan*, 124 Ohio St.3d 17, 2009-Ohio-5947, 918 N.E.2d 515, ¶ 3, quoting *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. A sua sponte dismissal of a complaint for writ of procedendo is appropriate where the action is moot. *State ex rel. Cleve v. Sutula*, 8th Dist. Cuyahoga No. 111677, 2022-Ohio-2590, ¶ 14, citing *State ex rel. Madsen v. Jones*, 8th Dist. Cuyahoga No. 85240, 2005-Ohio-115, ¶ 3-4; *State ex rel. Lyons v. Skinner*, 10th Dist. Franklin No. 19AP-815, 2020-Ohio-3008. A relator obviously cannot prevail in an action that has been rendered moot by a respondent fulfilling the legal duty owed to the relator because a writ cannot compel a respondent to perform a duty that has already been performed. *Bechtel* at ¶ 9, citing *State ex rel. Roberts v. Marsh*, 159 Ohio St.3d 457, 2020-Ohio-1540, 151 N.E.3d 625, ¶ 6.

{¶ 11} Respondent has filed a notice of compliance with the alternative writ issued by this court on October 12, 2023. There, respondent asserted that he has

ruled on the outstanding motions identified by relator. He attached uncertified journal entries of these rulings to the notice. The dockets in the underlying cases, available on the website of the Cuyahoga County Clerk of Courts, also show that respondent has proceeded to judgment on those motions. Relator has received all the relief to which she is entitled in this action. Therefore, the complaint in the present action is moot.

{¶ 12} Relator claims that respondent has not properly ruled on her motion for clarification of default judgment because respondent simply denied the motion without more. However, that is all the relief to which relator is entitled to in this action. "[T]he writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion." *State ex rel. Shaker Hts. Apts. Owner, LLC v. Scott*, 8th Dist. Cuyahoga No. 112587, 2023-Ohio-1901, ¶ 6. Relator, through this court, has forced rulings on her motions. Respondent has fulfilled his legal duty in procedendo. The action is moot.

{¶ 13} Relator also asks this court to continue the upcoming trial docketed in the two underlying lower court cases. Based on the resolution of the relator's procedendo claims, this claim for relief is also moot. Even if it were not, relator is not entitled to this relief in an action for procedendo. As stated previously, procedendo is an order from a superior court to an inferior one to proceed to judgment. *Williams*, 153 Ohio St.3d 348, 2018-Ohio-2703, 106 N.E.3d 55, at ¶ 6.

Relator has not identified a source of authority that would provide for this additional requested relief in this action after respondent has fulfilled his legal duty.

{¶ 14} Relator's claim for writ of procedendo is sua sponte dismissed. The alternative writ issued October 12, 2023, is dissolved. Costs assessed against respondent; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 15} Complaint dismissed.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR