[Cite as *State ex rel. Harris v. Sutula*, 2024-Ohio-76.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., BYRON HARRIS,  :

    Relator,  :

                                No. 113384

    v.  :

JUDGE JOHN D. SUTULA,  :

    Respondent.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** January 10, 2024

---

Writ of Procedendo
Motion No. 570223
Order No. 570946

---

### *Appearances:*

Bryon Harris, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent*.

SEAN C. GALLAGHER, J.:

{¶ 1} Relator, Byron Harris, seeks a writ of procedendo directing respondent, Judge John D. Sutula, to rule on several motions that were filed mainly between 2014 and 2016. Respondent has entered judgment on the outstanding

motions identified in relator's complaint, rendering the claim for relief moot. Further, the complaint is fatally defective. Therefore, respondent's motion for summary judgment is granted and the claim for relief in procedendo is denied.

{¶ 2} On November 17, 2023, relator filed the instant complaint alleging that he filed several motions that remain pending in his underlying criminal case.[1] The complaint lists the outstanding motions as "bench warr[a]nt" issued June 1, 2016, and unspecified motions filed October 11, 2016, March 4, 2016, August 10, 2015, November 25, 2014, and July 14, 2015. The affidavit attached to the complaint expounds on this list:

1. Motion filed 3-7-2019 Defendant was heavily medicated;

2. Motion for new trial 1-4-2017;

3. Bench Warrant for witness * * * 11/20/1993;

4. 1/16/2020 Defendant[']s motion Cheselka motion granted due to suspension 1/16/2020;

5. Motion to demand psychiatric report 10/11/2016;

6. Motion for new trial 3/4/2016;

7. Defendant was remanded for sentencing set for 3/9/2016;

8. Defendant in trial 2/11/2016;

9. 12/9/2015 Motion filed by D1 Byron Harris attorney Michael Cheselka 0076667 withdraw as attorney of record;

10. 8/10/2015 to dismiss attorney;

---

[1] The complaint does not identify this underlying case, but respondent alleges in his motion for summary judgment that it is *State v. Harris*, Cuyahoga C.P. No. CR-14-589543-A.

11. 7/14/2015 Case is hereby transferred to Deena R. Calbrese [sic] (357) (M) judge replaced Judge John D. Sutula;

12. 11/25/2014 Motion to dismiss or reduce indictment on grounds of insufficiency of grand jury evidence.

**{¶ 3}** On December 6, 2023, respondent filed a motion for summary judgment. There, respondent asserted that relator's complaint was moot because respondent ruled on the motions identified in the complaint. Respondent attached a certified copy of a journal entry that contained rulings on the motions that relator claimed were outstanding. The entry was also supported by an affidavit. Respondent also argued that relator's complaint was procedurally defective, requiring the denial of relief. Relator did not timely file a brief in opposition to respondent's motion for summary judgment.

**{¶ 4}** A writ of procedendo is an order from a superior court to an inferior one to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). It is available when a judge has refused to proceed to judgment or has unnecessarily delayed in rendering judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 696 N.E.2d 1079 (1998). To succeed, a relator must show ""a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law."" *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 7, quoting *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 7, quoting *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9. However,

a writ of procedendo may not be used to control judicial discretion or to direct the performance of an act that has already been performed. *Id.* at ¶ 7, 9.

{¶ 5} The cause is before us on respondent's motion for summary judgment. Under this standard found in Civ.R. 56(C), a court may grant judgment when it appears from the evidence or stipulations allowed under the rule, "that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." When there is no genuine issue as to any material fact and reasonable minds could only conclude that judgment adverse to the nonmoving party is required, then the moving party is entitled to judgment as a matter of law.

{¶ 6} Relator has alleged that he filed several motions that remained pending at the time his complaint was filed. Respondent offered unrebutted evidence in the form of a certified journal entry further authenticated through affidavit that all the pending motions have been decided. Respondent persuasively asserts that the claim for relief in procedendo is moot. "When a relator seeks to compel the issuance of a judgment entry through a writ of procedendo and the judge issues the entry, the procedendo claim is moot." *Bechtel* at ¶ 9.

{¶ 7} Here, respondent has established that he has proceeded to judgment and journalized rulings on the motions relator claimed remained pending. Therefore, the claim for relief is moot.

{¶ 8} Relator's complaint is also fatally defective. From the caption of the complaint, we know that relator is currently an inmate in a state correctional facility. As such, whenever he institutes a civil action against a governmental agency or employee in Ohio, he must comply with R.C. 2969.25. This statute requires relator to include with his complaint an affidavit of prior civil actions or appeals of civil actions instituted in the previous five years. R.C. 2969.25(A). Relator is also required to provide affidavits of indigency and an affidavit of the balance in his inmate account for the previous six months. R.C. 2969.25(C). These affidavits were not included with the complaint.

{¶ 9} The Supreme Court of Ohio has held that meeting the requirements of R.C. 2969.25 are necessary and complaints that fail to strictly comply with the statute are subject to dismissal. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4, quoting *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, 883 N.E.2d 438, ¶ 5, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

{¶ 10} As such, relator's request for relief in procedendo is denied. Costs assessed against relator. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 11} Writ denied.

_____
SEAN C. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, P.J., and
ANITA LASTER MAYS, J., CONCUR