[Cite as *State ex rel. Rance v. Corrigan*, 2024-Ohio-1479.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| STATE EX REL., WILLIAM A. RANCE, | : | |
| Relator, | : | |
| | : | No. 113680 |
| v. | : | |
| JUDGE PETER J. CORRIGAN, | : | |
| Respondent. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DENIED
**RELEASED AND JOURNALIZED:** April 12, 2024

Writ of Procedendo
Motion No. 572990
Order No. 573404

*Appearances:*

William A. Rance, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent.*

ANITA LASTER MAYS, J.:

{¶ 1} Relator, William A. Rance, seeks a writ of procedendo to direct respondent, Judge Peter J. Corrigan, to rule on a petition for postconviction relief filed in an underlying criminal case. Respondent has demonstrated that a decision

was entered in the underlying case, rendering the present claim for relief moot. Accordingly, respondent's motion for summary judgment is granted and the request for writ of procedendo is denied as moot.

I. Background

{¶ 2} On February 29, 2024, Rance filed a complaint for a writ of procedendo. There, he alleged that in *State v. Rance*, Cuyahoga C.P. No. CR-14-589511-A, he filed a petition to vacate and/or set aside judgment of conviction on September 27, 2022. He further alleged that the petition remained pending at the time the complaint was filed. Rance claimed he was entitled to a writ of procedendo to compel respondent to rule on the pending filing.

{¶ 3} On March 18, 2024, respondent filed a motion for summary judgment. Respondent asserted that Rance's request for writ of procedendo was moot because respondent entered a judgment on Rance's petition on March 12, 2024. Respondent attached a certified nine-page journal entry and opinion that denied the petition. The order was also incorporated by an affidavit provided by respondent's counsel. Respondent also argued that Rance's complaint was defective because he failed to comply with R.C. 2969.25(C) by filing an affidavit of indigency and affidavit of waiver that included a statement of his inmate account for the preceding six months as certified by the institutional cashier. Rance did not timely oppose the motion for summary judgment.

II. Law and Analysis

A. Procedendo

{¶ 4} "A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment." *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 7, quoting *State ex rel. Mignella v. Indus. Comm.*, 156 Ohio St.3d 251, 2019-Ohio-463, 125 N.E.3d 844, ¶ 7. "The writ does not instruct the lower court as to what the judgment should be; rather, it merely instructs the lower court to issue a judgment." *Id.*, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas,* 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995).

{¶ 5} The case is before this court on respondent's motion for summary judgment. Summary judgment, defined in Civ.R. 56, is appropriate if

> the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to, but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Civ.R. 56(C).

B. Mootness

{¶ 6} A complaint for writ of procedendo may become moot, when during the pendency of the proceeding, the respondent proceeds to judgment in the underlying action. *Bechtel*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, at ¶ 9. A court cannot compel a respondent to perform an action that has already been performed. *State ex rel. Roberts v. Marsh*, 159 Ohio St.3d 457, 2020-Ohio-1540, 151 N.E.3d 625, ¶ 6.

{¶ 7} Based on the journal entry and opinion attached to respondent's motion for summary judgment, the present action is moot. Respondent entered an order deciding Rance's petition filed in the underlying case. Therefore, respondent has demonstrated that he is entitled to judgment as a matter of law.[1]

{¶ 8} Respondent's motion for summary judgment is granted. Rance's request for a writ of procedendo is denied. Costs assessed against respondent; costs

---

[1] Respondent also asserts that relator's complaint is defective because he must comply with R.C. 2969.25(C). Respondent argues Rance is an incarcerated individual that has initiated an action against a governmental agency or employee. For support, respondent points to a website maintained by the Ohio Department of Rehabilitation and Correction that states Rance is or was incarcerated at North Central Correctional Institution. However, a more thorough review of the information contained on this website indicates that relator was released and is currently under the supervision of the Ohio Adult Parole Authority for a five-year period of postrelease control. Rance listed a Richmond Heights address in the caption of the complaint that is not associated with the North Central Correctional Institution. Rance's affidavit of indigency also states that he was recently, but no longer, incarcerated. Because the case is resolved on mootness grounds, this court is not required to endeavor to determine as a matter of law whether R.C. 2969.25 applies to Rance's complaint.

waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

**{¶ 9}** Writ denied.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR