[Cite as *Manning v. Gallagher*, 2025-Ohio-2781.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ANDREA MANNING, | : | |
| Relator, | : | No. 115192 |
| v. | : | |
| JUDGE KELLY A. GALLAGHER, | : | |
| Respondent. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** August 1, 2025

Writ of Procedendo
Motion No. 585467
Order No. 586643

### *Appearances:*

Andrea Manning, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Bridget E. Dever, Assistant Prosecuting Attorney, *for respondent.*

ANITA LASTER MAYS, J.:

{¶ 1} Relator Andrea Manning, pro se, seeks a writ of procedendo ordering respondent, Judge Kelly A. Gallagher, to "close out pending issues" so that she could "proceed with the appeals process" in *Manning v. Cleveland* [sic] *Metro. Hous.*

*Auth.*, Cuyahoga C.P. CV-23-989917. For the reasons that follow, relator's request for relief is moot, and respondent's motion to dismiss is granted.

## I.    Factual and Procedural Background

{¶ 2}   On December 12, 2023, Manning, pro se, filed a complaint against defendants "Cleveland [sic] Metropolitan Housing Authority" and "Union Square Apartments" in *Manning v. Cleveland* [sic] *Metro. Hous. Auth.*, Cuyahoga C.P. CV-23-989917 (the "underlying action").[1] Her complaint stemmed from concerns about a neighbor in her housing complex against whom she had obtained a protection order. Manning alleged that defendants had failed to take appropriate action in response to the protection order and her related safety concerns and had retaliated against her due to her complaints about the situation. After service was completed on both defendants, defendant Cuyahoga Metropolitan Housing Authority ("CMHA") filed an answer and a motion for summary judgment. No appearance was entered on behalf of Union Square Apartments, and CMHA made no mention of Union Square Apartments in its answer or motion.

---

[1] The procedural background is based on our review of the publicly available, online docket in the underlying action and Manning's appeal in *Manning v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 114429. *See State ex rel. Fischer Asset Mgmt., LLC v. Scott*, 2023-Ohio-3891, ¶ 3, fn. 1 (8th Dist.) (observing, in original action, that "[t]his court is permitted to take judicial notice of court filings that are readily accessible from the internet"); *Patterson v. Cuyahoga Cty. Common Pleas Court*, 2019-Ohio-110, ¶ 2, fn. 1 (8th Dist.) (setting forth procedural history relevant to mandamus action based on review of "publicly available dockets"), citing *Cornelison v. Russo*, 2018-Ohio-3574, ¶ 8, fn. 2 (8th Dist.), citing *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8. Further, an event that causes a case to become moot may be proved by extrinsic evidence outside the record. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000) (appellate court may take judicial notice that a writ action is moot).

**{¶ 3}** On September 24, 2024, the trial court granted CMHA's motion for summary judgment on, among other grounds, that CMHA was immune from liability pursuant to R.C. 2744.02. The trial court's September 24, 2024 judgment entry did not mention Union Square Apartments or Manning's claims against Union Square Apartments and did not contain any Civ.R. 54(B) language. Manning appealed to this court.

**{¶ 4}** After seeking briefing from the parties on the issue, this court, sua sponte, dismissed the appeal for lack of a final appealable order based on the apparent pending claims against Union Square Apartments and the absence of Civ.R. 54(B) language in the judgment entry. *Manning v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 114429 (Jan. 16, 2025).

**{¶ 5}** On April 4, 2025, Manning filed a "motion requesting 54(B) language" in the underlying action, "request[ing] that the court take some action regarding still pending issues so that I can move forward with the appeals process." On June 4, 2025, Manning filed the instant petition seeking a writ of procedendo to compel respondent to "close out pending issues so that I can proceed with the appeals process."

**{¶ 6}** On June 18, 2025, respondent issued the following journal entry:

> The court clarifies that "Union Square Apartments" is the physical location where the alleged events took place, not a defendant in this action. Union Square Apartments is a residential property owned and managed by the Cuyahoga Metropolitan Housing Authority ("CMHA"), the entity against whom all claims have been asserted. All factual allegations referenced in the complaint pertain directly to CMHA in its capacity as property owner and provider of onsite management

services. As such, no separate and distinct claims have been asserted against Union Square Apartments. The court's dismissal of CMHA resolves all claims raised in the complaint. Therefore, the court[']s order of September 24, 2025 [sic] resolves this matter in its entirety, and constitutes a final appealable order.

{¶ 7} On June 20, 2025, respondent filed a motion to dismiss, attaching a copy of the June 18, 2025 journal entry. Respondent argues that, based on this entry, Manning's request for a writ of procedendo is moot.

{¶ 8} Manning did not timely file an opposition to respondent's motion to dismiss.

## II. Law and Analysis

{¶ 9} "'A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment.'" *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 7, quoting *State ex rel. Mignella v. Indus. Comm.*, 2019-Ohio-463, ¶ 7. "'A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 13, quoting *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. Such a writ does not instruct the lower court as to what the judgment should be; it merely instructs the lower court to issue a judgment. *State ex rel. Bechtel* at ¶ 7, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). A writ of procedendo is appropriate upon a showing of a clear legal right to require the respondent to proceed, a clear legal duty on the part of the respondent to proceed, and the lack of

an adequate remedy in the ordinary course of the law. *State ex rel. Dodson* at ¶ 13; *State ex rel. Bechtel* at ¶ 7.

{¶ 10} "Procedendo will not compel the performance of a duty that has already been performed." *State ex rel. Bechtel* at ¶ 9, citing *State ex rel. Roberts v. Marsh*, 2020-Ohio-1540, ¶ 6. Where a relator seeks to compel an action that has been performed during the pendency of the proceedings, the procedendo claim becomes moot. *See, e.g., State ex rel. Bechtel* at ¶ 8-9.

{¶ 11} Respondent has filed a motion to dismiss arguing that Manning's request for a writ of procedendo is moot because respondent has issued a journal entry explaining that "Union Square Apartments is not a defendant, but rather a property owned and managed by CMHA," that "there were no separate or distinct claims directed at Union Square Apartments," and that "the court deemed its prior entry granting summary judgment against CMHA to be dispositive of all claims." As such, respondent contends, "the requested act that is the subject of this action has been completed." Manning has not filed a response to respondent's motion to dismiss and, therefore, has not disputed that the action is moot based on the trial court's June 18, 2025 journal entry.

{¶ 12} A petition is subject to dismissal when, after presuming the truth of all material factual allegations of the relator's petition and making all reasonable inferences in his or her favor, it appears beyond doubt that the relator is not entitled to the relief requested. *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 12. Although, generally, a court may not consider evidence outside the petition when evaluating a

motion to dismiss, an exception exists when an event causes a case to become moot. *Id.*

{¶ 13} Based on our review of the publicly available, online docket for the common pleas court in the underlying case, including respondent's June 18, 2025 journal entry, Manning has received the relief she requested in her procedendo claim. Accordingly, her petition is moot and subject to dismissal. *See, e.g., id.* at ¶ 15-16; *State ex rel. Dodson*, 2024-Ohio-4928, at ¶ 11-14; *State ex rel. Roberts v. Hatheway*, 2021-Ohio-4097, ¶ 5 ("An action in procedendo becomes moot when the court performs the duty requested.").

{¶ 14} Further, Manning's petition is procedurally deficient. Manning has not properly captioned her petition in the name of the State on the relation of the person applying, and her petition does not comply with Civ.R. 10(A), which requires a relator to list the parties' respective addresses in the case caption — providing further potential grounds for dismissal. *See, e.g., Nikooyi v. Cuyahoga Cty. Prosecuting Dept.*, 2020-Ohio-3730, ¶ 5-7 (8th Dist.); *Mankins v. Jackson*, 2015-Ohio-5155, ¶ 2 (8th Dist.).

{¶ 15} We, therefore, grant respondent's motion to dismiss. Costs assessed against respondent; costs waived. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 16} Complaint dismissed.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR