[Cite as *State ex rel. Smith v. Vodrey*, 2025-Ohio-5764.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO EX REL.      :
DEAUNTA SMITH,

                                :

    Relator,      :      No. 115616

                                :

    v.      :

HON. WILLIAM F.B. VODREY,      :
JUDGE, ET AL.,

                                :

    Respondents.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** PETITION DISMISSED
**DATED:** December 23, 2025

---

Writ of Procedendo
Motion No. 589389
Order No. 590576

---

### *Appearances:*

Deaunta Smith, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig A. McClelland, Assistant Prosecuting Attorney, *for respondents.*

LISA B. FORBES, P.J.:

{¶ 1} Relator Deaunta Smith, pro se, seeks a writ of procedendo ordering respondents Judge William F.B. Vodrey and Magistrate Monica Klein to rule on

several motions relator filed in a civil stalking protection order ("CSPO") case, *T.S. v. L.R.*, Cuyahoga C.P. No. CV-24-104601 (the "CSPO action").

{¶ 2} For the reasons that follow, relator's request for relief is moot, and respondents' motion to dismiss is granted.

## I.     Factual and Procedural Background

{¶ 3} In September 2024, T.S. filed a petition for a CSPO against L.R. in the CSPO action. Respondent Judge Vodrey was assigned to the case; it was subsequently referred to respondent Magistrate Klein. After a full hearing, the magistrate granted a CSPO. T.S. and her (and relator's) children were named as protected persons in the CSPO. In December 2024, the trial court adopted the magistrate's granting of the CSPO and, in January 2025, overruled L.R.'s objections to its adoption of the magistrate's order granting the CSPO. L.R. thereafter filed various motions to modify or terminate the CSPO or for relief from judgment pursuant to Civ.R. 60(B). On June 20, 2025, L.R. filed a notice of appeal.

{¶ 4} On June 2, 2025, relator filed a "motion to intervene and terminate or modify CSPO" ("motion to intervene") in the CSPO action. Relator argued that the CSPO "foreclosed" his "residence-based parenting time" because he resides with L.R. He further argued that the trial court's findings that L.R. had engaged in menacing by stalking were not supported by sufficient evidence and were against the manifest weight of the evidence. Relator sought leave to intervene pursuant to Civ.R. 24 and requested that the CSPO be terminated "as applied to [him] and his

constitutionally protected parenting time." On June 20, 2025, relator filed a "motion to expedite ruling on motion to intervene" ("motion to expedite ruling").

{¶ 5} On July 14, 2025, the trial court denied relator's motion to intervene and his motion to expedite ruling as moot, noting that a notice of appeal had been filed in the case and indicating that, once an appeal is filed, a trial court "loses jurisdiction to proceed in any way that would interfere with the appellate court's ability to review and affirm, reverse, vacate or modify the judgment of the court below." The following day, relator filed a "motion to clarify jurisdiction and compel ruling on motion to intervene" ("motion to compel ruling"). The motion sought clarification of the court's jurisdiction to rule on his motions to intervene and to expedite ruling and to compel rulings on those motions.

{¶ 6} On September 22, 2025, relator filed the instant petition for a writ of procedendo, requesting an order directing respondents to (1) "[p]romptly rule" on relator's motion to compel ruling and (2) "[i]ssue rulings on all other pending motions in Relator's name without further delay."[1] Specifically, relator alleges that the trial court "improperly denied" his motion to intervene as "moot" and that "denying a valid motion as 'moot,' then refusing to rule at all" on relator's motion to compel ruling "is presumptively unreasonable and unlawful." Relator asserts that "Respondents have a clear legal duty to rule, and Relator has a clear legal right to a ruling."

---

[1] In his petition, relator does not identify any other specific "pending motions in relator's name" as to which he contends he is entitled to a ruling.

{¶ 7} In support of his petition, relator attached copies of (1) his motion to intervene, motion to expedite ruling, and motion to clarify jurisdiction and compel ruling; (2) the trial court's July 14, 2025 journal entry denying his motion to intervene and motion to expedite ruling; and (3) a printout, dated September 19, 2025, of the appearance docket in the CSPO action.

{¶ 8} On November 3, 2025, respondents filed a motion to dismiss relator's petition on the grounds that the petition was moot and failed to state a claim for which relief could be granted because "Relator is seeking a writ of procedendo to order Respondents to rule on a motion which has previously been resolved" — i.e., "on July 14, 2025, Respondent ruled upon Relator's motion to intervene and set forth the legal basis for that ruling," which "ruling also directly impacts . . . Relator's July 15, 2025 motion [to compel ruling]" — and relator cannot obtain a writ to compel performance of a duty that has already been performed.

{¶ 9} Relator has not filed a timely opposition to respondents' motion to dismiss and, therefore, has not disputed respondents' claim that the petition is moot based on the trial court's July 14, 2025 journal entry because "the motions in question have, in fact, been ruled upon."

## II.   Law and Analysis

### A.   Standard of Review on a Motion to Dismiss

{¶ 10} Dismissal of an action seeking a writ of procedendo for failure to state a claim upon which relief can be granted is appropriate if, after presuming all factual allegations in the complaint as true and drawing all reasonable inferences in the

relator's favor, it appears beyond doubt that it appears beyond doubt that the relator is not entitled to the relief requested. *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8; *State ex rel. S.Y.C. v. Floyd*, 2024-Ohio-1387, ¶ 12. "While we must accept factual assertions as true, 'unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss.'" *State ex rel. Gordon* at ¶ 8, quoting *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12; *see also State ex rel. Sands v. Court of Common Pleas Judge*, 2018-Ohio-4245, ¶ 8 ("'[U]nsupported conclusions of a complaint . . . are not sufficient to withstand a motion to dismiss.'"), quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).

{¶ 11} When ruling on a Civ.R. 12(B)(6) motion to dismiss, we may consider documents attached to and incorporated within the complaint. *State ex rel. Gordon* at ¶ 8; *State ex rel. Ames v. Baker, Dublikar, Beck, Wiley & Mathews*, 2022-Ohio-3990, ¶ 16 ("[A] Civ.R. 12(B)(6) motion limits a court to testing the sufficiency of the complaint and the materials incorporated into it.").

## B.  Requirements for Issuing a Writ of Procedendo

{¶ 12} "'A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment.'" *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 7, quoting *State ex rel. Mignella v. Indus. Comm.*, 2019-Ohio-463, ¶ 7.  "'A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment.'" *State ex rel. Dodson v. Phipps*, 2024-Ohio-4928, ¶ 13, quoting *State*

*ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 7. Such a writ does not instruct the lower court as to what the judgment should be; it merely instructs the lower court to issue a judgment. *State ex rel. Bechtel* at ¶ 7. A writ of procedendo is appropriate upon a showing of a clear legal right to require the respondent to proceed, a clear legal duty on the part of the respondent to proceed, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Dodson* at ¶ 13; *State ex rel. Bechtel* at ¶ 7.

{¶ 13} "Procedendo will not compel the performance of a duty that has already been performed." *State ex rel. Bechtel* at ¶ 9, citing *State ex rel. Roberts v. Marsh*, 2020-Ohio-1540, ¶ 6. Where a relator seeks to compel an action that has already been performed, the procedendo claim is moot. *See, e.g., State ex rel. Bechtel* at ¶ 8-9.

## C. Relator's Petition for a Writ of Procedendo

{¶ 14} Presuming the truth of all material factual allegations of relator's petition and making all reasonable inferences in his favor, it appears beyond doubt that relator is not entitled to the writ of procedendo he seeks. Relator cannot show that he has a clear legal right to the relief he demands from respondents or that respondents have a clear legal duty to grant any such relief.

{¶ 15} In his petition, relator expressly acknowledges that his motion to intervene and motion to expedite ruling were denied on July 14, 2025, before the filing of his petition for a writ of procedendo. It was these same motions as to which relator sought to compel ruling in his motion to compel ruling filed on July 15, 2025. As such, it is clear from the face of his petition that relator cannot prevail on his

procedendo claim. Procedendo will not issue to compel a ruling with regard to motions that relator admits in his petition have already been ruled upon. *See, e.g., State ex rel. Dodson*, 2024-Ohio-4928, at ¶ 11-14; *see also State ex rel. S.Y.C.*, 2024-Ohio-1387, at ¶ 15-16 (where motion to dismiss demonstrated that motions at issue were addressed before relator filed her petition, were not a motion and therefore did not require a decision from the court, or were addressed at a hearing during the pendency of relator's petition, respondent had provided relator with all the relief she could have received through her procedendo claim, rendering it moot); *State ex rel. Roberts v. Hatheway*, 2021-Ohio-4097, ¶ 5 ("An action in procedendo becomes moot when the court performs the duty requested.").

{¶ 16} To the extent that relator seeks an order compelling respondents to reconsider the denial of his motions, such relief is not available through a writ of procedendo. Procedendo can be used only to compel a judge to issue some ruling on a motion; it cannot be used to compel a judge to reach a specific result or to change the result once ruled. *State ex rel. Williams v. Croce*, 2018-Ohio-2703, ¶ 8; *State ex rel. Meros v. Judge*, 2024-Ohio-6199, ¶ 7-8 (8th Dist.). Although, given that L.R.'s appeal was pending at the time the trial court ruled on relator's motions, there may be an issue as to whether the trial court acted properly in denying relator's motions as moot, rather than holding those motions in abeyance pending the appeal, relator's petition still would not state a claim for which relief could be granted through a writ of procedendo given that the relief he seeks is to compel different rulings on those motions.

{¶ 17} Further, there exists no duty, through procedendo, for respondents to provide any clarification or other written explanation as to the disposition of the motions at issue. *State ex rel. Ramirez v. Cuyahoga Cty. Domestic Relations Court*, 2025-Ohio-2601, ¶ 6 (8th Dist.).

{¶ 18} Accordingly, relator's petition is moot, fails to state a claim for a writ of procedendo, and is subject to dismissal.

{¶ 19} In addition, relator's petition is procedurally deficient. Relator's petition does not comply with Civ.R. 10(A), which requires a relator to list the parties' addresses in the case caption, and the petition was not supported with an affidavit as required under Loc.App.R. 45(D)(1).

{¶ 20} We, therefore, grant respondents' motion to dismiss. Costs assessed against respondents; costs waived. The clerk is directed to serve on all parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 21} Petition dismissed.

_____
LISA B. FORBES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR